**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 11-5132

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MENELIK ZELEKE, a/k/a Minilik Zeleke, a/k/a Elijah Ayele,
a/k/a Minilik Nix, a/k/a Sheth M. Zeleke, a/k/a Melvin Paul
Haywood, a/k/a Jimmy Spellman, a/k/a Melvin Paul Nix,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:11-cr-00248-TSE-1)

---

Submitted:  July 31, 2012         Decided:  August 8, 2012

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

John S. Davis, V, WILLIAMS MULLEN, Richmond, Virginia;
Garrick A. Sevilla, WILLIAMS MULLEN, Raleigh, North Carolina,
for Appellant.  Neil H. MacBride, United States Attorney,
Brian D. Harrison, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Menelik Zeleke was convicted by a jury of using his infant son's social security number to obtain an apartment lease (Count One), using his three-year-old son's social security number to conduct a banking transaction (Count Two), and using a social security number that had been issued to him under an alias to obtain a second, fraudulent passport (Count Three). Zeleke was sentenced to a term of twenty-four months' imprisonment. He appeals his sentence, contending that the district court erred in imposing a 6-level enhancement for identity breeding under U.S. Sentencing Guidelines Manual § 2B1.1(b)(11)(C)(i) (2011).[1] We affirm.

In the presentence report, with respect to Count One, the probation officer recommended a 6-level increase under USSG § 2B1.1(b)(11)(C)(i), which applies when the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification[.]"[2] Zeleke objected to the enhancement,

---

[1] Citations are to the 2011 Guidelines Manual, which was in effect at Zeleke's sentencing on November 18, 2011.

[2] The background commentary to § 2B1.1 states that "[s]ubsection (b)(11)(C) . . . focuses principally on an aggravated form of identity theft known as 'affirmative identity theft' or 'breeding', in which a defendant uses another individual's name, social security number, or some other form of identification (the 'means of identification') to 'breed' (i.e.,
(Continued)

2

asserting that the rental account he opened with his son's social security number should not be considered a means of identification. Zeleke argued in his sentencing memorandum that his conduct did not qualify for the enhancement because he did not use the rental application as a means of identification or to create any other means of identification, but only to obtain the immediate benefit of renting an apartment. The government responded that the enhancement was correctly applied, relying on United States v. Allen, 491 F.3d 178 (4th Cir. 2007).

In Allen, we stated that the enhancement "applies where a defendant, without authorization, uses an individual's name and social security number or address to obtain a bank loan or credit card." Id. at 193. We further noted, citing with approval United States v. Samet, 200 F. App'x 15, 23 (2d Cir. 2006), that "[t]he subsection has also been held to apply where a defendant, without authorization, uses an individual's information to obtain a lease or open a bank account." 491 F.3d at 193. Thus, we held that the enhancement applied in a case where the defendant knowingly processed a lease ostensibly for

---

produce or obtain) new or additional forms of identification." Application Note 1 to § 2B1.1 explains that the term "means of identification" is defined in 18 U.S.C. § 1028(d)(7), except that the means of identification for purposes of the Guidelines provision must be that of a real, not fictional, person.

computer equipment using an individual's name and social security number without authorization. Id. at 194.

In Samet, two defendants "used names, dates of birth, and social security numbers of other individuals to obtain leases." 200 F. App'x at 23. Addressing whether a lease constitutes a "means of identification" as defined in the Guidelines, Samet held that it does, for the following reasons:

> The Application Notes . . . define "means of identification" by reference to [18 U.S.C. § 1028(d)(7)], which in turn defines the term as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." Id. (emphasis added). The Note then describes the use of names and social security numbers to obtain a bank loan or a credit card as conduct to which the Guideline should apply, explaining that the bank loan account number or credit card number is the "means of identification." Both the statute and the Note focus on the generation of a unique identifying number different than any number used to obtain it, not on whether a document would be proffered as a form of identification, as [defendants] contend. Like the account number of a bank loan, the account number of the leases thus constitute "means of identification," and because they were obtained unlawfully, [defendants'] base offense levels were appropriately enhanced.

200 F. App'x at 23.

At Zeleke's sentencing hearing, the district court overruled his objection to the enhancement, finding that "the [Samet] and Allen courts both conclude that . . . the focus [of] the enhancement is on the generation of a unique identifying number different from any number used to obtain it, not on

4

whether a document would be proffered as a form of identification, which was the thrust of [Zeleke's] argument." The district court adopted the Guidelines calculation in the presentence report and imposed a sentence of twenty-four months imprisonment.

Zeleke argues that the district court misinterpreted the Guideline when it concluded that a means of identification need not be used to prove a person's identity, and that the broader interpretation in Samet, cited approvingly in Allen, would lead to absurd results. However, Zeleke provides no authority which is on point and contrary to either Allen or Samet. Moreover, the background commentary to § 2B1.1 states that "18 U.S.C. § 1028(d) broadly defines 'means of identification[.]'" Because Allen and Samet provided a reasoned basis for the district court's application of the enhancement in § 2B1.1(b)(11)(C)(i) in Zeleke's case, we conclude that the district court did not err in making the enhancement. We need not address the alternative grounds for affirmance put forward by the government and contested by Zeleke.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5